IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 3:11CR00078-001

OMARI TURNER,
        **Defendant.**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (b)(3) upon the Defendant's request to enter a plea of guilty pursuant to Fed. R. Crim. P. 11 and a written plea agreement that has been entered into by the United States and the Defendant. The matter was presented to the court upon the written consent of the Defendant and counsel for the Defendant to proceed before a United States Magistrate Judge, said consent including the Defendant's understanding that he consented to not only having the Magistrate Judge conduct the hearing and enter any order of forfeiture, if applicable, but also to having the Magistrate Judge make necessary findings and accepting any guilty plea as may be entered that could not be withdrawn except for fair and just reason.

The Defendant pled guilty to Count One of the Indictment in open court and pursuant to a Rule 11 inquiry. Upon consideration of the responses and statements made by the Defendant under oath, on the record, and based upon the written plea agreement and statement of facts presented, the court makes the following findings:

1. That the Defendant is competent to enter a plea of guilty;

2. That the Defendant understands the nature of the charge against him to which his

plea is offered;

3. That the Defendant understands what the maximum possible penalties are upon conviction of the offense charged, including any mandatory minimum periods of confinement, the effect of any required term of supervised release, the loss of various civil rights (if applicable, including the right to vote, the right to hold public office, the right to own and possess a firearm), the possibility of adverse immigration consequences (if applicable), the required imposition of a special assessment, forfeiture of real and/or personal property (if applicable), and restitution (if applicable);

4. That the sentencing court has jurisdiction and authority to impose any sentence within the statutory maximums provided, that the court can reject any agreement by the parties as to drug quantity and/or sentencing factors, and that the court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a) and that the court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness;

5. That the Defendant understands his right to persist in a plea of not guilty and require that the matter proceed to trial with all the rights and privileges attending a trial, including, but not limited to: the right to effective assistance of counsel; the right to use the power and processes of the court to compel evidence on the Defendant's behalf; the right to confront and cross-examine adverse witnesses; the right to present relevant evidence; the right to remain silent; and the right to trial by jury;

6. That the Defendant understands that he is waiving any right to appeal whatever sentence is imposed by pleading guilty, even if the sentence is erroneous, as long as said sentence does not exceed the total statutory penalties provided;

7. That the Defendant understands all provisions of the written plea agreement which was reviewed in essential part with the Defendant during the proceeding;

8. That the plea of guilty entered by the Defendant was knowingly and voluntarily entered and is not the result of force or intimidation of any kind; nor is it the result of any promises other than the representations set forth in the plea agreement; and

9. That the plea of guilty entered by the Defendant was knowingly and voluntarily made with full knowledge of the consequences and with an independent basis in fact to support said plea.

Accordingly, the court accepted the Defendant's plea of guilty to Count One of the Indictment and entered judgment of guilt on the subject charge. It is therefore the recommendation of this court that its findings, including the acceptance of the Defendant's plea of guilty and resulting judgment of guilt, be adopted.

/s/
M. Hannah Lauck
United States Magistrate Judge

Dated: June 15, 2011

# NOTICE

The Defendant is advised that he/she may file specific written objection to this report and recommendation with the court within fourteen (14) days of this date. If objection is noted, the party objecting must promptly arrange for the transcription of the relevant record and file it forthwith with the court for its use in any review. Failure to object in accordance with this notice, including the requirement for preparation of a transcription of the relevant portions of the record, will constitute a waiver of any right to *de novo* review of the matter and may result in adoption of the recommendation, including the finding of guilt as entered by the magistrate judge.